Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:                                             )
                                                   )
FREDERIC MAURICE HAUN DOUAY,                       )    Case No. 17-bk-750
                                                   )
        Debtor.                                    )    Chapter 13
_____            )

**MEMORANDUM OPINION**

Frederic Maurice Haun Douay (the "Debtor") seeks to value his 2015 Toyota Rav4 (the "Vehicle"), which serves as collateral securing his debt to Toyota Motor Credit Corp ("Toyota Credit"). According to the Debtor, the fair market value of the Vehicle is $16,425, and it is subject to valuation, despite its purchase by him within 910 days before he filed his bankruptcy case, because his non-filing partner was the lone operator of the Vehicle prepetition. Toyota Credit opposes the Debtor's attempt at valuation asserting that the Vehicle is not subject to valuation based precisely upon the Debtor's purchase of it within 910 days before filing his petition for bankruptcy relief.

For the reasons stated herein, the court will grant the Debtor's motion.

**I.  BACKGROUND**[1]

In June 2015, the Debtor purchased the Vehicle by borrowing $31,125.88 from Toyota Credit. He granted Toyota Credit a lien on the Vehicle to secure his repayment of the amount financed. Notably, the Debtor purchased the Vehicle for the sole use of his partner, Diane Frederick, and she was the lone operator of the Vehicle until October 2016. From June 2015 to at

---

[1] On December 11, 2017, the Debtor and his non-filing partner filed with the court affidavits supporting the Debtor's motion to value. Because the court previously set an evidentiary hearing on the matter, the court ordered the parties, particularly Toyota Credit, to file a statement regarding whether the evidentiary hearing was necessary in light of the affidavits. On January 9, 2018, Toyota Credit informed the court that the evidentiary hearing was not necessary, and that the matter was ripe for the court's disposition. Therefore, the facts stated herein are largely the product of the Debtor's motion and affidavits filed in support thereof.

1

least October 2016, the Debtor operated a 2013 Kia Optima, which he used to derive income as a driver for Uber.

On July 25, 2017, the Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code. At that time, he owed Toyota Credit $25,518.42 according to its proof of claim. In his proposed Chapter 13 plan, he proposes to pay Toyota Credit a total of $17,927.93, which is his asserted value of the Vehicle paid at 3.5%. In October 2017, the Debtor's Kia Optima developed mechanical problems such that the Debtor could not operate it to support his livelihood. At that that time, therefore, the Debtor began using the Vehicle to support his enterprise driving for Uber. Ms. Frederick purchased a replacement vehicle for her personal use.

## II. ANALYSIS

By his motion, the Debtor seeks to value the Vehicle under § 506(a) of the Bankruptcy Code and treat Toyota Credit's proof of claim as an allowed secured claim under § 1325(a)(5) based upon that valuation. In support of his motion, the Debtor asserts that the value of the Vehicle is $16,425 based upon NADA Guides information that he attached to his motion. Additionally, the Debtor concedes that he purchased the Vehicle within 910 days before seeking bankruptcy relief, but contends that he is nonetheless entitled to relief because he purchased the vehicle for the sole use of his non-filing partner, who was the lone operator of the Vehicle as of the date he filed for relief.

Toyota Credit does not dispute the Debtor's valuation of the vehicle. It asserts, however, that the "hanging paragraph" under § 1325(a) prevents the Debtor's desired relief because he purchased the vehicle within 910 days of filing his voluntary Chapter 13 petition.[2] Despite the Debtor's argument to the contrary, and the unrebutted assertion that the Debtor's non-filing partner was the lone operator of the vehicle as of the petition date, Toyota Credit contends that relief is not available to the Debtor because he and his non-filing partner constitute one household.

Put simply, § 506(a) of the Bankruptcy Code provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the property and is an unsecured claim to the extent that the allowed claim

---

[2] The term "hanging paragraph" refers to language following § 1325(a)(9). It is not identified with a subparagraph but simply "hangs" at the end of § 1325(a). Importantly, the language excepts certain claims from the operation of § 506(a) vis-à-vis § 1325(a). *See* 8 *Collier on Bankruptcy* ¶ 1325.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

2

overencumbers the property. 11 U.S.C. § 506(a)(1). In a case like this one, in which the debtor is an individual in Chapter 13, the court determines the value of the subject personal property based upon the replacement value of the property as of the petition date. 11 U.S.C. § 506(a)(2). Moreover, the lien securing a creditor's allowed secured claim is generally limited to the value of the property securing the claim. 11 U.S.C. § 506(d).

In Chapter 13, a debtor proposing a plan of repayment must treat each secured claim provided for by the plan consistent with § 1325(a)(5). Under § 1325(a)(5), as is relevant here, the debtor must provide that the secured creditor retains its lien against the debtor's property until the debtor obtains a discharge, and the debtor must distribute to the secured creditor property of a value at least equal to the allowed amount of the creditor's secured claim. 11 U.S.C. § 1325(a)(5)(B)(i) and (ii). Generally, debtors employ § 506(a) in conjunction with § 1325(a)(5)(B) to limit the value distributed to a creditor secured by an automobile, for instance, to the value of that automobile as determined under § 506(a). Notably, however, a debtor cannot seek relief in that regard "if the creditor has a purchase money security interest . . . and the debt was incurred within the 910-day period preceding the [petition date], and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor . . . ." 11 U.S.C. § 1325(a). As a consequence, a debtor's Chapter 13 plan must provide for payment of the allowed amount of the secured claim even if the value of the collateral is less.

Here, the dispute between the Debtor and Toyota Credit revolves around the phrase "personal use of the debtor" in § 1325(a). Congress did not define "personal use" in the Bankruptcy Code. Although the Fourth Circuit has not addressed this specific issue, "courts have developed various tests to determine whether a vehicle was acquired for the personal use of the debtor." *In re Matthews*, 378 B.R. 481, 489 (Bankr. D.S.C. 2007) (identifying various tests). Some courts, including sister bankruptcy courts within the states comprising the Fourth Circuit, review the totality of the circumstances and find that a vehicle was purchased for personal use if the debtor's personal use is "significant and material." *Id.* (citing *In re Solis*, 356 B.R. 398, 409 (Bankr. S.D. Tex. 2006) and *In re Phillips*, 362 B.R. 284, 305 (Bankr. E.D. Va. 2007). Despite the variety of tests to resolve the issue, the court is persuaded by the sound analysis in *Mattews and Phillips* that consideration of the totality of the circumstances is appropriate to determine whether the debtor's personal use is "significant and material." In that regard, the debtor's "[i]ntent, at the time of purchase, is the touchstone for determining if a vehicle was purchased for

personal use." *In re Matthews*, 378 B.R. at 490. Notably, however, given the undisputed facts of this case, the court believes that the use of any commonly-used test for determining "personal use of the debtor" leads to the same result in this case.

Having considered the parties' respective arguments and the relevant authority, the court finds that the Debtor is entitled to relief on his motion to value based upon the totality of the circumstances. Specifically, the court finds that the Debtor purchased the Vehicle for the exclusive use of his non-filing partner, who was the lone operator of the Vehicle from the purchase date until October 2017, when the Debtor's automobile failed after he sought relief under Chapter 13. Notably, the Debtor purchased the Vehicle on the same day that he purchased the Kia Optima that he drove until it failed in October 2017. Based upon that alone, and the absence of any facts to the contrary, the court finds that the Debtor purchased the Vehicle for the personal use of Ms. Federick. Moreover, the court is unpersuaded by Toyota Credit's assertion to the contrary based solely upon Ms. Frederick residing in the same household as the Debtor. That, in and of itself, is insufficient for the court to find that the Debtor's purchased the Vehicle for his personal use. *See In re Pearson*, No. 07-00478-5-ATS, 2008 WL 687058, at *1 (Bankr. E.D.N.C. Mar. 7, 2008) ("The facts alleged in the stipulation indicate that the vehicle was primarily driven by [the debtor's non-filing spouse] upon its acquisition in October 2005, until November 2006 . . . ."); *In re Matthews*, 378 B.R. at 491 (finding that the debtor did not purchase the contested vehicle for her personal use when she actually had another vehicle for her personal use).

### III. CONCLUSION

Based upon the foregoing, the court will enter a separate order granting the Debtor's motion to value. The court will therefore also order that Toyota Credit's objection to the Debtor's proposed Chapter 13 plan is overruled. To the extent the resolution of this issue obviates the need for the hearing set for February 9, 2018, the Debtor and Chapter 13 trustee can submit appropriate orders resolving the trustee's motion to dismiss and confirming the Debtor's proposed Chapter 13 plan.